IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA  )
                          )
         v.               )    CRIMINAL NO. 1:15-CR-10389-IT
                          )
DAVID LANDRY              )
```

**<u>GOVERNMENT'S RESPONSE TO MOTION FOR COMPASSIONATE RELEASE</u>**

The defendant, David Landry, was charged with conspiring to distribute marijuana, possession with intent to distribute marijuana and methylone, illegal possession of a firearm, and conspiring to launder money. The money laundering offense involved the defendant and his co-defendant and mother, Diane Johnson, disguising the source of the proceeds of trafficking in multiple drugs, but most prominently heroin and marijuana. The money laundering conduct took place from 2012 until January of 2015. In 2014, Landry was arrested and later convicted of distributing heroin to an undercover officer and sentenced to 3-4 years in state prison. While in custody, he directed co-defendant Justin Groom to grow and sell marijuana; he directed co-defendant Evan Lopes to store two kilograms of methylone, and he directed his associate Tyquan Dickerson to store a firearm in Dickerson's mother's apartment.

1

The Presentence Investigation Report (PSR) found that Landry's Total Offense Level was 35. Among the findings was that Landry was responsible for 25 kilograms of marijuana, 110 grams of heroin, and two kilograms of methylone (Base Offense Level 30); that he possessed a firearm (+2); that he maintained a property to grow marijuana (+2); that he was the leader of criminal activity involving five or more participants (+4), and that he accepted responsibility in a timely manner (-3). His criminal history included convictions: in 2007 for possession of marijuana (1 point); in 2008 for possession of marijuana and Percocet (1 point); in 2012 for carrying a firearm (2 points); and in 2013 for operating to endanger (1 point). He committed the instant offense while under a criminal justice sentence (2 points). With seven criminal history points, Landry was a Criminal History Category IV, resulting in a guideline sentencing range (GSR) of 235 to 293 months, or 19½ years at the low end.

The defendant entered a binding plea with the government that contained a different guideline calculation. In particular, based on relevant case law, the parties agreed the base offense level was 26, rather than 30, based primarily on treating one gram of methylone as equivalent to 250 grams of

2

marijuana, instead of 500 grams.  With a four level reduction, the applicable GSR was 151 – 188 months.  The parties agreed that the Court should adjust the sentence downward by the 29 months, a period equal to the time the defendant had already served in state custody.

The Court sentenced Landry to 78 months, the low end of the binding range (the high end was 106 months).  His projected release date is October 27, 2022.

On August 14, 2020, Landry filed a motion for compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A).  That statute provides that the Court may not modify a sentence unless, in the circumstances here, the defendant has exhausted his administrative remedies with the Bureau of Prisons and, after considering the traditional sentencing factors set forth in 18 U.S.C. Section 3553(a), the Court finds "extraordinary and compelling reasons" warrant such a reduction.

Landry alleges that his medical conditions – asthma, acute sinusitis, hyperlipidemia, obesity, and the effects of regular smoking – puts him at "much higher risk for a severe or deadly case" of COVID-19.  Landry is serving his sentence at FCI Fort Dix, New Jersey. Landry alleges that inmates at FCI Fort Dix have tested positive and cites to the BOP website.

3

Landry further alleges that he is "non-violent" and has a "limited criminal record."

The government opposes Landry's motion. In the first place, Landry has not shown that his medical conditions are sufficiently serious to warrant relief. He alleges that he has five conditions: asthma, acute sinusitis, hyperlipidemia, obesity, and the effects of regular smoking. Only obesity (Body Mass Index of 30 or higher) is listed by the CDC as having an increased risk of severe illness from COVID-19. Moderate to severe asthma is listed as "might be at increased risk." But even for these conditions, Landry has not made a current case because the medical records upon which he relies are all from 2013 or earlier. The absence of current medical records is significant, as these conditions can change over time. Moreover, the records don't show Landry's current BMI and whether or not he has moderate to severe asthma. The records, from 2013, show only "variant asthma." In short, there is simply no specific or corroborated information showing Landry is at significantly increased risk.

In any event, the situation at FCI Fort Dix does not support relief. According to the BOP website, Fort Dix has no current cases. Of over 400 tests administered, only 36 have

4

tested positive and all have recovered.

Moreover, BOP has taken significant measures to protect the health of the inmates in its charge during the COVID-19 crisis. BOP began planning for potential coronavirus transmissions in January 2020. At that time, the agency established a working group to develop policies in consultation with subject matter experts in the CDC, including by reviewing guidance from the World Health Organization. On March 13, 2020, BOP announced that it was implementing the Coronavirus (COVID-19) Phase Two Action Plan ("Action Plan") in order to minimize the risk of COVID-19 transmission into and inside its facilities. The Action Plan comprises many preventive and mitigation measures, including the following: all incoming inmates are screened, and staff are regularly screened; contractor visits are limited to essential services, while nearly all attorney, social, and volunteer visits have been suspended; inmate movements between facilities have been extremely limited; and institutions are taking additional steps to modify operations to maximize social distancing.  Further details regarding these efforts are available at:

https://www.bop.gov/resources/news/20200313_covid-19.jsp

https://www.bop.gov/coronavirus/index.jsp

Finally, the surrounding circumstances do not support relief. Landry claims he is "non-violent" and has a "limited criminal record." He was convicted of drug, firearm, and money laundering offenses under circumstances that might fairly describe him as running a violent and threatening drug organization. He has a prior firearm conviction and an operating to endanger conviction. His sentence was well-below his actual guideline range. Moreover, as the government noted in its sentencing memorandum

> The defendant's conduct was dangerous; it involved a loaded firearm and the letters reflected Landry's apparent intention to use threats and force in keeping his business in line (see PSR at ¶¶ 45). Indeed, in 2012, Landry and Tyquan Dickerson shot and paralyzed an associate after an argument over a drug debt (PSR ¶ 56, fn2). And even after Landry was arrested on state drug charges, he continued from prison to issue orders to operate his drug enterprise. These are not the actions of a non-violent, minor offender.

For all the foregoing reasons, the Court should deny the defendant's motion for compassionate release.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:

*/s/ Theodore B. Heinrich*
THEODORE B. HEINRICH
Asst. U.S. Attorney


**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

September 1, 2020

*/s/ Theodore B. Heinrich*
THEODORE B. HEINRICH
Assistant U.S. Attorney